```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GEORGE IGBINOGHENE, ET AL.                CIVIL ACTION

VERSUS                                    NO: 11-1058

THE STANDARD FIRE INSURANCE               SECTION: "A" (4)
CO.
```

**ORDER AND REASONS**

Before the Court is a **Motion to Exclude the Estimate and Testimony of Steve Hitchcock (Rec. Doc. 18)** filed by defendant The Standard Fire Insurance Co.  Plaintiffs George Igbinoghene and Sebastian Busari have not responded to the motion.[1]  The motion, set for hearing on February 29, 2012, is before the Court on the briefs without oral argument.

Plaintiffs filed this lawsuit seeking to recover additional payments under a homeowner's policy.  They allege that their dwelling, which is located in New Orleans, Louisiana, was damaged as a result of fire and looting.  Defendant removed the case to this Court based on diversity jurisdiction.  The case is scheduled

---

[1] The Court directs Plaintiffs' attention to Local Rule 7.5 of the Eastern District of Louisiana which requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date.  The noticed submission date for Defendant's motion was February 29, 2012, which means that Plaintiffs' opposition was due no later than February 21, 2012, or in this case February 22, 2012, which was the day after Mardi Gras.  Plaintiffs must respond to Defendant's upcoming Motion for Partial Summary Judgment and their failure to do so will likely result in the Court issuing an order granting the motion as unopposed.

1

to be tried to the Court without a jury on April 23, 2012.

Defendant now moves to exclude the estimate and testimony of Plaintiffs' expert Steve Hitchcock.  Defendant points to several perceived deficiencies that render the report inadmissible under the principles of Daubert and its progeny.

The motion is DENIED.  This matter will be tried to the Court sitting without a jury and the alleged deficiencies can be explored via cross examination with the result going to the weight of Hitchcock's testimony.  The potential prejudice of having a jury give undue weight to the testimony of an "expert" whose testimony might ultimately be entitled to little or no weight is simply not present in this case.  Further, the Court is persuaded that the question of whether the repair estimate is relevant given that repairs have been completed should first be governed by the terms of the policy itself, as opposed to decisions reached in other cases that may or may not be analogous to the facts of this particular case.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Exclude the Estimate and Testimony of Steve Hitchcock (Rec. Doc. 18)** filed by defendant The Standard Fire Insurance Co. is **DENIED.**

March 1, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE